Mr. Chief Justice Shaeket
delivered the opinion of the court.
This case originated before a justice of the peace and was taken to a justice’s court by appeal, from which it was taken to the circuit court by certiorari, and is here by writ of error. Moss instituted the suit and has succeeded in every instance. At the trial Glass offered as an offset to the plaintiff’s demand, a note made by Moss in favor of Joel Glass for 70 dollars, which *520 was objected to on two grounds; first, that no assignment appeared on the instrument by Joel Glass, to Lemuel C. Glass; and secondly, that the court had no jurisdiction of the amount, on cer-tiorari from a justice’s court, which appeared due by the offset.
The first objection is confined within narrow limits. It is a mere question of ownership as to the note. No objection was taken as to the time at which Lemuel C. Glass acquired a right to the note, and it is therefore to be presumed that he was the owner when suit was commenced by Moss, if he was owner at all. The possession of a promissory note is prima facia evidence of ownership, and I take the rule to be equally applicable whether it has been transferred by indorsement or delivery. The instrument introduced as an offset is clearly a promissory note, and being transferred by delivery Lemuel C. Glass acquired the beneficial interest in it and had a right of action. That an action on the instrument must have been brought in the name of Joel Glass for his use, cannot alter the case. By the transfer Joel Glass parted with his interest in the note, and the right to sue in such a manner as the forms of law require, necessarily passed with it. An offset is in the nature of a cross action, and Lemuel C. Glass having such right of action at the time the suit was instituted against him, had a right to avail himself of it as an offset, and the court erred in ruling it out.
The question of jurisdiction I think is equally clear. It is true that the jurisdiction of the circuit court in cases originating before a magistrate, must be regulated and determined by the jurisdiction of the magistrate, and in this case I think the justice had jurisdiction. The statute declares that all debts and demands not exceeding 50 dollars, for a sum or balance due on any specialty, note, bond or cotton receipt of or for any sum or balance due either by writing or verbal contract, shall be cognisable before a justice of the peace. The balance claimed by Glass, after admitting the claim by Moss, was 30 dollars. If Glass had entered a credit on the note of Moss for 40 dollars, he could have sued before a justice for the balance; and can he not be allowed to offset that amount, which is virtually giving a credit for it, as he admits the claim against him? He does not pretend to claim a balance *521 beyond the jurisdiction of the justice, and is, therefore, I think within the meaning of the statute. This claim is certainly fortified by the principles of justice, and I think the allowance of it will be found in accordance with authority.
The judgment must be reversed and a- venire de novo awarded.